### R. M. AND J. C. BLAKEMORE vs. MRS. M. E. DORSEY.

FARMER, J. When sued on a release bond, it is competent for defendant to show that after the property was released on bond, part of it was received and used by plaintiffs, and the surety is not bound for such property.

2. Positive evidence of one witness, which, if not true, would support a prosecution for perjury, will outweigh negative, doubtful, hesitating testimony, though the latter may be given by several witnesses.

3. A bond with the condition that " the parties will pay such judgment as may be rendered against defendant or return the property provisionally seized." is a legal bond, under C. P. 289, and the obligation to pay the judgment is the primary or principal clause. Conrad vs. Patzelt, 29 An. 465, 483, 488; 25 An. 124. It is a forthcoming bond on which the surety may be sued as soon as the defendant has been put in default.

4. Where a mule, which has been provisionally seized and released on bond, dies before final judgment, the surety will be held for his value; the surety takes such risks as that the defendant will abuse or dispose of the property, or that it will die, and no fortuitous or other event, which prevents a return of the property after definitive judgment, will release the surety from liability to pay the value of the property. C. C. 2120, 2122. There is not and, in the nature of things, there cannot be any satisfactory evidence that if the thing had been left in the custody of the sheriff it would not have perished. C. C. 1933, 2939, 2945.